UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| SEVEN POINT MARINE SERVICES, LLC | * | CIVIL ACTION NO. 14-1201 |
| VERSUS | * | JUDGE DOHERTY |
| CLEAN EARTH SALVAGE INC. | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION
### ON MOTION DEFAULT JUDGMENT

Pending before the undersigned for report and recommendation is the Motion for Default Judgment filed by plaintiff, Seven Point Marine Services, LLC ("Seven Point"), on October 23, 2014 [rec. doc. 7]. No opposition has been filed, and the deadline for filing opposition has expired.[1]

For the following reasons, it is recommended that the motion be **GRANTED**.

### Background

On July 24, 2013, Clean Earth procured Seven Point's services to tow a barge from mile 46 of the Intracoastal Waterway to Coastal Tank Cleaners in Morgan City, Louisiana. Between July 24 and 25, 2013, Seven Point towed the barge to its destination. By invoice dated July 26, 2013, Seven Point charged Clean Earth $8,140.00 for these services. [rec. doc. 7, Exhibit A].

---

[1] LR 7.5W provides that opposition shall be filed within twenty-one (21) days after service of the motion.

After Clean Point failed to pay the invoice, Seven Point sent a demand letter dated December 6, 2013, through its counsel, Preis & Roy. [rec. doc. 7, Exhibit B]. On January 23, 2014, Seven Point's counsel sent a second demand letter to Clean Earth. By letter dated April 8, 2014, Seven Point sent a letter stating that if it did not receive a signed Settlement Agreement or payment from Clean Salvage by April 11, 2014, then Seven Point would file a lawsuit.

On June 13, 2014, Seven Point filed an action in this Court asserting an admiralty and maritime claim against Clean Earth. [rec. doc. 1]. By letter dated September 17, 2014, Seven Point's counsel stated that if Clean Earth did not file an answer or other responsive pleading soon, it would seek a default judgment. [rec. doc. 7, Exhibit F]. On October 23, 2014, Seven Point filed the instant Motion for Default Judgment. [rec. doc. 7].

## Law and Analysis

Rule 55 of the Federal Rules of Civil Procedure provides as follows:

> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
> ***
> **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. ... If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Here, Seven Point invoiced Clean Earth $8,140.00 for towing services. After Clean Earth failed to pay the invoice, Seven Point sent two demand letters through its counsel. By letter dated April 8, 2014, Seven Point send another letter stating that if it did not receive a signed Settlement Agreement or payment from Clean Earth, Seven Point would file suit.

Seven Point has submitted the requisite evidence supporting its claim for towing services. Clean Earth has had more than ample opportunity to pay this invoice, but has neither paid it nor responded to this lawsuit. Accordingly, I find that a default judgment should be entered.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the motion for default judgment be **GRANTED**, and that Seven Point be awarded the sum of $8,140.00, plus pre-judgment interest at the rate of .11 percent.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party

may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed November 20, 2014, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE